IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 10, 2002

## STATE OF TENNESSEE v. JEFFREY SMITH

**Appeal from the Criminal Court for Hamilton County**
**Nos. 238291, 238391    Douglas A. Meyer, Judge**

_____

**No. E2002-01147-CCA-R3-CD**
**March 18, 2003**
_____

The defendant, Jeffrey Smith, pled guilty to three counts of aggravated burglary, one count of aggravated robbery, one count of attempted robbery, and one count of theft under $500. The trial court imposed sentences as follows: six years for two of the aggravated burglaries and three years for the remaining aggravated burglary, twelve years for aggravated robbery, two years for attempted robbery, and eleven months and twenty-nine days for theft under $500. The trial court ordered that the twelve-year sentence for aggravated robbery be served consecutively to the sentence for aggravated burglary in Count 1 of case number 238391. The effective sentence is, therefore, eighteen years. In this appeal, the defendant complains that the sentence is excessive. Because consecutive sentences were not warranted, the judgments must be modified to reflect that all the sentences are to be served concurrently.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed as Modified**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

David R. Barrow, Chattanooga, Tennessee (on appeal), and Danny Hill, Assistant District Public Defender (at trial), for the appellant, Jeffrey Smith.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; and Carl Huskins, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

On April 7, 2001, the defendant knocked at the front door of the residence of the first victim, eighty-one-year-old Julia Mae Brown, and asked permission to use the telephone. When Ms. Brown explained that she did not permit strangers to enter her home, the defendant broke the glass in the front door, reached inside, and unlocked the door. The defendant entered the residence, demanded money, and physically attacked Ms. Brown. When a neighbor, who heard the altercation, ordered

the defendant to stop and threatened to call police, the defendant fled. No money was taken. Later, Ms. Brown was able to identify the defendant from a photographic lineup.

On the following day, the defendant, who was armed with a knife, kicked in the back door of the residence of the second victim, eighty-nine-year-old Helena Paris. Once inside, the defendant demanded her identification, a change of clothes, and her money. The defendant, who threatened to "stick" Ms. Paris if she did not comply, fled on foot after taking $30. Because the defendant's sister was her neighbor, Ms. Paris recognized the defendant and later identified him from a photographic lineup.

On July 18, 2001, the third victim, Thelma Slayton, found her front door open when she returned to her residence. The lock had been penetrated by a tool, which had caused heavy damage to the door and doorjamb. Upon entering the residence, Ms. Slayton saw the defendant run past her. He was carrying her purse in his hand. Later, the defendant tried to cash one of Ms. Slayton's checks.

The sole issue on appeal is the propriety of his sentence. The defendant asserts that the trial court erred in the application of the enhancement and mitigating factors and by the imposition of consecutive sentences.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-

210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The trial court first determined that the defendant was a Range I, standard offender, and then applied the following enhancement factors to each of the six convictions:

(1) The defendant has a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range;
(4) the victims were particularly vulnerable because of age and physical disability; and
(8) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community.

See Tenn. Code Ann. § 40-35-114(1), (4), and (8) (1997).[1] The trial court also applied enhancement factors (10), that the defendant had no hesitation about committing a crime where the risk to human life was high, and (16), that the potential for bodily injury to a victim was great, to the three convictions for aggravated burglary. In mitigation, the trial court found the following factors applicable:

(1) The defendant has completed alcohol and drug rehabilitation;
(2) the defendant had been baptized;
(3) the defendant had completed an anger management course;
(4) the defendant had completed a discipleship training course;
(5) the defendant had attended a fathering symposium;
(6) the defendant had not received any disciplinary reports while incarcerated;
(7) the defendant had expressed remorse;
(8) the defendant had employable skills; and
(9) the defendant had expressed sincerity in his profession of faith.

See Tenn. Code Ann. § 40-35-113(13). The trial court ordered that the defendant's six-year sentence for aggravated burglary in Count 1 in case number 238391 be served consecutively to his twelve-year sentence for aggravated robbery in Count 5 of case number 238291.

The defendant first asserts that the trial court erred by failing to specify which enhancement factors applied to which conviction. Our review of the record confirms that the trial court specified that enhancement factors (1), (4), and (8) applied to all of the convictions and that enhancement factors (10) and (16) applied only to the defendant's convictions for aggravated burglary. Thus, this issue is without merit.

---

[1]Effective July 4, 2002, the legislature amended Tenn. Code Ann. § 40-35-114 by renumbering original enhancement factors (1) thru (20) and including as enhancement factor (1) that "[t]he offense was an act of terrorism, or was related to an act of terrorism."

The defendant next contends that the trial court erred by imposing consecutive sentences. Prior to the enactment of the Criminal Sentencing Reform Act of 1989, the limited classifications for the imposition of consecutive sentences were set out in Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). In that case, our supreme court ruled that aggravating circumstances must be present before placement in any one of the classifications. Later, in State v. Taylor, 739 S.W.2d 227, 230 (Tenn. 1987), the court established an additional category for those defendants convicted of two or more statutory offenses involving sexual abuse of minors. There were, however, additional words of caution:

> [C]onsecutive sentences should not routinely be imposed . . . and . . . the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved.

The Sentencing Commission Comments adopted the cautionary language. Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments. The 1989 Act is, in essence, the codification of the holdings in Gray and Taylor; consecutive sentences may be imposed in the discretion of the trial court only upon a determination that one or more of the following criteria[2] exist:

> (1) The defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood;
> (2) the defendant is an offender whose record of criminal activity is extensive;
> (3) the defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;
> (4) the defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;
> (5) the defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;
> (6) the defendant is sentenced for an offense committed while on probation; or
> (7) the defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b).

---

[2] The first four criteria are found in Gray. A fifth category in Gray, based on a specific number of prior felony convictions, may enhance the sentence range but is no longer a listed criterion. See Tenn. Code Ann. § 40-35-115, Sentencing Commission Comments.

The length of the sentence, when consecutive in nature, must be "justly deserved in relation to the seriousness of the offense," Tenn. Code Ann. § 40-35-102(1), and "no greater than that deserved" under the circumstances, Tenn. Code Ann. § 40-35-103(2); State v. Lane, 3 S.W.3d 456 (Tenn. 1999).

In imposing consecutive sentences, the trial court determined that the defendant is a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood. See Tenn. Code Ann. § 40-35-115(b)(1). While the defendant claims that there is insufficient proof in the record to support this finding, the state contends that his admission to "practicing wrong" for twenty or thirty years is sufficient to support a finding that he is a professional criminal. In the alternative, the state argues that the trial court could have imposed consecutive sentences based upon the defendant's extensive criminal record. See Tenn. Code Ann. § 40-35-115(b)(2).

The trial court based its finding that the defendant was a professional criminal on the defendant's statement that he had spent the last twenty or thirty years "in a life of crime." In this instance, the defendant stole $30 in cash from one of the victims and was arrested while trying to pass a check stolen from another victim. The defendant was in prison almost continually from 1991 until 1999. In State v. Desirey, 909 S.W.2d 20, 32-33 (Tenn. Crim. App. 1995), this court affirmed a consecutive sentence based upon proof that the defendant had no other employment and earned $3,000 per week from his ongoing illegal gambling business. He grossed $200,000 per week from the business and paid his employees as much as $2500 per week. In State v. Frank Michael Vukelich, No. M1999-00618-CCA-R3-CD (Tenn. Crim. App., at Nashville, Sept. 11, 2001), this court ruled that a finding of professional criminal was appropriate where the "record indicate[d] that the [d]efendant was a major marijuana dealer for at least the past several years and that he used the proceeds of his illegal enterprise to purchase a house and a boat and to partially finance his legitimate business." Unlike other cases where this court has upheld the finding that a defendant was a professional criminal, the presentence report in this case indicates only two prior convictions, both occurring several years before the instant offenses. See State v. Otis Campbell, No. W2001-01121-CCA-R3-CD (Tenn. Crim. App., at Jackson, Feb. 19, 2002). The state must prove that the defendant obtained a major source of his livelihood from his criminal acts. In our view, the statement of the defendant, standing alone, is not enough. The trial court erred by ordering consecutive sentences on the basis that the defendant qualified as a professional criminal.

Similarly, the record does not support the state's assertion that the defendant is an offender whose record of criminal activity is extensive. The presentence report indicates that the defendant has two prior felony convictions, one for assault occurring in 1992 and one for robbery in 1991. While the report indicates that the defendant failed to comply with the terms of either his probation or his parole relative to the robbery conviction, nothing suggests that his violations were in the form of subsequent criminal activity. The trial court did not place the defendant in the category of having an extensive criminal record. Neither can we. Other cases where consecutive sentences were properly based upon an extensive criminal record required much more than this. See, e.g., State v. James F. Massengale, No. E2000-00774-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Oct. 21,

2002); State v. Allen Prentice Blye, No. E2001-01375-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Nov. 1, 2002). In consequence, the defendant's record of criminal activity is insufficient to support consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(2).

As his next issue, the defendant argues that the trial court erred by imposing the maximum sentence for aggravated robbery because the state did not file a notice seeking enhanced punishment. Tennessee Code Annotated section 40-35-202 provides, in pertinent part, as follows:

> (a) If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea.

Tenn. Code Ann. § 40-35-202(a). Here, the state did not seek punishment as a multiple, persistent or career offender and the defendant was sentenced as a standard offender. In consequence, the state was not required to file a notice seeking enhanced punishment. This issue is, therefore, without merit.

The defendant also contends that the trial court erred by applying enhancement factor (5), that the victim was particularly vulnerable because of age and physical disability. Our supreme court has concluded that enhancement factor (5) "relates more to the natural physical and mental limitations of the victim than merely to the victim's age." State v. Adams, 864 S.W.2d 31, 35 (Tenn. 1993). Thus, the high court found that factor (5) could be used "if the circumstances show that the victim, because of . . . age or physical or mental condition, was in fact 'particularly vulnerable,' i.e., incapable of resisting, summoning help, or testifying against the perpetrator." Id. Here, each of the three female victims was elderly and lived alone. Two of the victims testified that because of their frailty, they could not resist the defendant. A third victim was unable to attend the sentencing hearing due to her advanced age and physical condition. The defendant admitted choosing victims who lived alone and were elderly. In our view, the trial court did not err by finding enhancement factor (5) applicable.

The defendant also asserts that the trial court erred by applying enhancement factor (17), that the potential for bodily injury to a victim was great, to his convictions for aggravated burglary because the felony underlying the aggravated burglary was aggravated robbery. He claims that because this factor is inherent in the offense of aggravated robbery, it would also be inherent in an aggravated burglary where the underlying felony is aggravated robbery.

Initially, the defendant has failed to cite any authority in support of his contention. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b); see also Tenn. R. App. P.

27(a)(7); State v. Hammons, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987). Waiver would, therefore, apply in this instance.

Moreover, the defendant is not entitled to relief on the merits. Aggravated burglary is defined as the "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a). "A person commits burglary who, without the effective consent of the property owner . . . [e]nters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault." Tenn. Code Ann. § 39-14-402(a)(1). Bodily injury is not required for a conviction for aggravated burglary. Further, unlike a conviction for aggravated robbery by the use of a deadly weapon, as in this case, the potential for bodily injury is not inherent in the offense of aggravated burglary. All that is required is the entry of a habitation with the intent to commit a felony. Thus, the trial court did not err by applying enhancement factor (17) to the convictions for aggravated burglary.

Next, the defendant argues that his sentence for aggravated robbery should be set aside because his offense was returned as an aggravated burglary at the submission hearing. The record does not support the argument. In fact, the trial court's recitation of the offenses to which the defendant entered pleas of guilt follows precisely the terms of the plea agreement. The trial court imposed sentences for those offenses to which the defendant had pled guilty.

Finally, the defendant complains that the trial court erred by applying enhancement factor (11), that the defendant had no hesitation about committing a crime where the risk to human life was high, to his convictions for aggravated burglary and theft under $500. Enhancement factor (11) is properly applied when a defendant exhibits "a culpability distinct from and appreciably greater than that incident to the offense for which he was convicted." State v. Jones, 883 S.W.2d 597, 603 (Tenn. 1994). Here, the record establishes that the defendant entered the homes of three elderly women either very late at night or very early in the morning. He threatened Ms. Paris with a knife and physically attacked Ms. Brown. Under these circumstances, it is our view that the trial court did not err by applying enhancement factor (11).

In summary, the trial court properly applied the enhancement and mitigating factors. Because the record is insufficient to support a finding that the defendant is a professional criminal, see Tenn. Code Ann. § 40-35-115(b)(1), or that he has an extensive criminal record, see Tenn. Code Ann. § 40-35-115(b)(2), the trial court erred by imposing consecutive sentences. Accordingly, the judgments must be modified to reflect that the sentences are to be served concurrently, for an effective sentence of twelve years.

_____
GARY R. WADE, PRESIDING JUDGE