STATE of Tennessee, Appellee,

v.

Eddie Gene HAMMONS, Appellant.

No. 86–143–III.

Court of Criminal Appeals of Tennessee, at Nashville.

May 12, 1987.

Permission to Appeal Denied by Supreme Court Sept. 8, 1987.

Charles Lynn Haston, Sparta, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Albert L. Partee, III, Asst. Atty. Gen., Nashville, John M. Roberts, Dist. Atty. Gen., John C. Knowles, Asst. Dist. Atty. Gen., Sparta, for appellee.

## OPINION

JONES, Judge.

The appellant, Eddie Gene Hammons, entered pleas of guilty to the offenses of aggravated rape and assault with intent to commit murder first degree, accompanied by bodily injury. The trial court sentenced the appellant to life imprisonment for the

offense of aggravated rape, and a term of fifteen (15) years for the offense of assault with intent to commit murder first degree, accompanied by bodily injury. The trial court ordered the appellant to serve the two sentences consecutively.

The appellant has appealed to this Court as of right. See Tenn.R.Crim.P. 37(b)(2)(ii); Tenn.R.App.P. 3(b); T.C.A. § 40–35–402(a). In this Court the appellant has raised two issues. The appellant contends (1) the trial court abused its discretion by not accepting a plea bargain agreement submitted to the trial court by the parties and (2) the trial court committed error in finding the appellant committed an especially aggravated offense and imposing a Range II sentence for the offense of aggravated rape.

There were three sentencing hearings in this case. The record reflects the first sentencing hearing was conducted on the 18th day of December, 1985. The assistant district attorney general advised the trial court the parties had entered into a plea bargain agreement. According to the terms of the agreement, the appellant agreed to enter pleas of guilty to the offense of aggravated rape and assault with intent to commit murder first degree, the State agreed to recommend a life sentence in each case, and the sentences were to be served concurrently. The State presented two witnesses to establish the factual basis for the pleas, and the trial court asked the required litany of questions for the purpose of determining the voluntariness of the pleas. At the conclusion of the sentencing hearing the trial court called counsel to the bench, and an off-the-record bench conference ensued. At the conclusion of the hearing the trial court told the appellant he was not going to "accept the plea", and set the case for trial, stating "I don't want to take a plea that I am not sure about." The trial court expressed hope that "there will be some effort to resolve *the questions we have in our minds*" before the trial date. [Emphasis added.]

■ The holding of off-the-record bench conferences impairs the ability of this Court to afford the parties a full and complete review of the issues. Such confer- ences create a void in the record, and pre- vent this Court from determining why the trial court may have ruled in a certain manner. For this reason trial judges should not conduct off-the-record bench conferences. In the recent case of *State v. William Taylor*, Davidson County No. 85– 279, May 1986 Session at Nashville, opinion filed August 22, 1986 [Available on WEST- LAW, TN–CS database], Judge Scott, speaking for a unanimous panel of this Court, said:

> There is absolutely no justification, par- ticularly in criminal cases, for the [trial] court to be conducting off-the-record dis- cussions with anyone. The State of Ten- nessee provides official court reporters for the purpose of recording criminal ·proceedings in order to preserve the record for appellate review. T.C.A. § 40–14–301, et. seq. The designated re- porter is required to attend 'every stage of each criminal case' and 'shall record verbatim' 'all proceedings had in open court' and other proceedings, as the judge may direct. T.C.A. § 40–14–307(a). The holding of off-the-record discussions violates this section of our code, since 'all proceedings in open court' are not record- ed verbatim when such discussions are held. Such discussions do nothing but impede the appellate process, creating issues such as this one that should never have occurred. Sidebar conferences may be utilized to prevent having to frequent- ly inconvenience the jury, but they *must* be recorded to preserve the record.

Counsel should refuse to engage in off-the- record bench conferences unless ordered to do so by the trial court. If required to appeal an issue discussed at an off-the- record bench conference in which counsel voluntarily participated, counsel may find this Court stating the issue was waived because he or she "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn.R.App.P. 36(a).

■ The record reveals few clues con- cerning the nature of the "questions" raised at the bench conference. However, it takes very little imagination to perceive

the reason why the appellant's pleas and the plea bargain agreement were not accepted by the trial court, and the reason the parties withdrew and abandoned the plea bargain agreement. The parties and the trial court apparently assumed that a Range II sentence could not be imposed in the absence of proper statutory notice, even though the enhanced sentence was proposed as part of a plea agreement. Although this Court has previously held that such a sentence would be valid, the question is now before the Supreme Court for determination. See *State of Tennessee v. Thomas Lee Mahler*, Court of Criminal Appeals at Knoxville, October 1, 1986, review granted December 1, 1986 [Available on WESTLAW, TN–CS database].

This conclusion is supported by the record. Immediately before the bench conference occurred the trial court asked the assistant district attorney general if he had filed "a notice of range two, or aggravated offense, or anything?" The assistant district attorney general advised the court he had not filed such a notice. The record reflects he subsequently filed the notice mandated by Rule 12.3(a), Tenn.R.Crim.P., and alleged the appellant had committed an especially aggravated offense. At the second hearing defense counsel, while engaging in a colloquy with the trial court, stated "there was some discussion as to the range" and the parties "withdrew it [the plea bargain agreement] at that time." At the third sentencing hearing defense counsel, addressing the trial court, commented that "had we not had some disagreement as to the sentencing, he [the appellant] would have entered a plea at that time."

■ The appellant's first issue is without merit. The trial court did not abuse its discretion in refusing to accept the plea bargain agreement and the appellant's pleas of guilty at the initial sentencing hearing. First, defense counsel admitted at a subsequent hearing "we withdrew it [the pleas and agreement]." And, contrary to the statements contained in the appellant's brief, the trial court did not accept the appellant's pleas of guilty and reject the plea bargain agreement. The trial

court made it quite clear he was not accepting the appellant's pleas; and counsel stated at the third sentencing hearing "I will admit that the Court didn't accept the plea...." At another point defense counsel stated: "... I will admit, ... it is true that it [the guilty pleas] was not accepted." Second, the appellant has waived this issue. Rule 10(b) of this Court provides: "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." In the case *sub judice* the appellant has failed to cite authorities in support of his abbreviated argument. The appellant also waived this issue by subsequently pleading guilty to the offenses. See *Ray v. State*, 224 Tenn. 164, 451 S.W.2d 854 (1970).

The appellant's second issue requires a recitation of the salient facts which resulted in the appellant being charged and convicted of the offenses of aggravated rape and assault with intent to commit murder first degree.

On July 2, 1985, the appellant broke into the home of the victim, removed his clothing, obtained a large knife from the kitchen, and waited for the victim to return home. When the victim returned home from her place of employment, and entered the residence, the appellant was standing behind the door. He "kicked the door shut", and, while armed with the large knife, pushed the victim into the living room, where he disrobed her. He then forced the victim into the bedroom where he sexually penetrated her at knife point.

After the appellant finished penetrating the victim he attempted to cut the victim's throat. When the appellant released the victim's right hand, she was able to push the appellant to the floor. However, before she could escape, the appellant crawled into the bed and stabbed her. He then threw the victim onto a mattress situated in the floor and ordered her to perform fellatio on him. The victim refused. Shortly thereafter she escaped the appellant's clutches and ran into the living room. The appellant pursued the victim, caught her in the living room, stabbed her approxi-

mately seven times, and attempted to cut her throat. The appellant departed the residence when he thought the victim was dead. While the victim made a miraculous recovery, she remains scarred physically as well as mentally.

One of the investigating officers recalled a similar entry and sexual encounter with a woman approximately a month earlier. The appellant was arrested for this offense, but he was not prosecuted because the woman left town. An array of photographs, which included a photograph of the appellant, was presented to the victim at the hospital. The victim made a positive identification of the appellant as the person who raped and stabbed her.

Initially, the appellant gave an exculpatory statement. Later the appellant admitted his entry into the victim's home, the obtaining of the knife, cutting the victim's clothing from her body, going to bed with the victim, and later cutting the victim in the bedroom as well as the living room.

■ When an accused challenges the length, range, or the manner of service of a sentence, it is the duty of this Court to conduct a *de novo* review of the sentence without a presumption the determinations made by the trial court when sentencing the accused are correct. T.C.A. § 40–35–402(d). Therefore, this Court will conduct a *de novo* review of the appellant's sentences since the pleas of guilty were entered and the sentences imposed without the benefit of a plea bargain agreement.

In conducting the *de novo* review mandated by the Tennessee Criminal Sentencing Reform Act of 1982 this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. See T.C.A. §§ 40–35–103 and 210.

In the case *sub judice* the trial court found that the appellant should be sentenced as a Range I standard offender for the assault with intent to commit murder first degree conviction. The appellant does not challenge this finding. However, the trial judge ruled the aggravated rape qualified as an especially aggravated offense and imposed a Range II sentence. The appellant, contending this finding of the trial judge was erroneous, argues a sentence may not be enhanced if any of the circumstances which would make the commission of the offense an especially aggravated offense are essential elements of the crime charged in the indictment. According to the appellant, the essential elements of the offense alleged in Count II, assault with intent to commit murder first degree, cannot be the basis for finding the offense of aggravated rape was committed in an especially aggravated manner. We disagree.

The trial judge predicated his enhancement of the appellant's sentence for aggravated rape on the ground the appellant inflicted "serious bodily injury" to the person of the victim during the commission of the offense. T.C.A. § 40–35–107(2). This statute provides in part:

An "especially aggravated offense" is:

\* \* \* \* \* \*

(2) A felony during the commission of which the defendant willfully inflicted serious bodily injury upon another person or the actions of the defendant resulted in death or serious bodily injury to a person other than the intended victim.

\* \* \* \* \* \*

(6)(A) "Serious bodily injury" includes bodily injury which involves a substantial risk of death; unconsciousness; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member or organ.

\* \* \* \* \* \*

(7)(A) If the provisions of either subdivision (1), (2), (3), or (4) of this section are used to show that an offense was committed in an especially aggravated man-

ner but all of the factors of the applicable subdivision or subdivisions are also essential elements of the crime charged in the indictment, the subdivision or subdivisions in which all factors are also essential elements shall not be used to elevate the offense to an especially aggravated offense. Provided, however, nothing in this subdivision shall be construed to prohibit the use of such subdivisions to elevate an offense to an especially aggravated offense if all of the factors within a particular subdivision are not essential elements of the crime charged in the indictment.

(B) The term "charged in the indictment" shall refer to the statutory elements alleged in the indictment and shall not prevent consideration of aggravating factors or additional elements set forth in the statute but not charged in the indictment provided that the district attorney general shall have filed the proper notice pursuant to § 40–35–202.

(8) A defendant who is found by the court beyond a reasonable doubt to have committed an especially aggravated offense shall receive a sentence within Range II.

Thus, before a Range II sentence can be imposed for the commission of an especially aggravated offense based upon the infliction of serious bodily injury, the trial judge must find beyond a reasonable doubt: (a) the accused committed a felony; (b) the accused willfully inflicted serious bodily injury to another person, the victim, or a third person, a person other than the victim; (c) the serious bodily injury was inflicted during the commission of the felony; and (d) the factual basis or ground used to show the offense was committed in an especially aggravated manner is not an essential element of the crime charged in the indictment.

In this case the appellant committed a felony. The appellant entered a plea of guilty to the offense of aggravated rape, which is a Class X felony. T.C.A. § 39–2–603(c).

■ The appellant willfully inflicted "serious bodily injury" to the person of the victim. The appellant attempted to cut the victim's throat and stabbed the victim at least eight times with a butcher or boning knife having a blade six to seven inches in length. These injuries created a substantial risk of death.

The "serious bodily injury" was inflicted during the commission of the offense. In the context of this case this offense commenced when the appellant entered the dwelling of the victim and laid in wait for her return. It concluded when the appellant left the dwelling after the victim feigned death. It is irrelevant to this inquiry that the State of Tennessee has carved two offenses from the conduct of the appellant. The acts of the appellant were continuous from the time the victim entered the dwelling until the appellant left. We cannot say that the offense of aggravated rape ceased at a certain point and the assault with intent to commit murder first degree commenced at a certain point.

■ The facts which the trial court used to support his finding that an especially aggravated offense was committed are not essential elements of the offense. The indictment alleges and the appellant was convicted for a violation of T.C.A. § 39–2–603(a)(1). The elements of this offense are (a) the unlawful sexual penetration of another, (b) the use of force and coercion to accomplish the act, and (c) the use of a weapon. As can be seen, this offense does not require the infliction of bodily injury. The fact that rape can be classified as "aggravated rape" when the accused causes personal injury to the victim does not prevent the use of the serious bodily injuries inflicted by the appellant to enhance his sentence in this case. See T.C.A. § 40–35–107(7)(A).

■ Appellant's argument that the essential elements of the offense of assault with intent to commit murder first degree, accompanied by bodily injury, alleged in the second count of the indictment, cannot be used to enhance the offense alleged in the first count of the indictment, aggravated rape, is totally without merit. Each count of the indictment alleges a separate

and distinct crime. These two crimes are to be treated as if the grand jury had returned two separate and distinct indictments, each indictment charging but one of the offenses. The term "crime charged in the indictment" refers to the count of the indictment charging the offense which is said to have been committed in an especially aggravated manner. It does not encompass or refer to the offense alleged in other counts of a multi-count indictment.

While "bodily injury" is an essential element of the offense of assault with intent to commit murder first degree, accompanied by bodily injury, "serious bodily injury" is neither an element of the crime nor alleged in Count II of the indictment. See *State v. Donald Carter*, No. 83–242–III, May 1984 Session at Nashville, opinion filed January 16, 1985; *State v. Samuel Edwin Allen and Victor A. Williams*, Sullivan County, Nos. 706 & 707, January 1986 Session at Knoxville, opinion filed April 10, 1986 [Available on WESTLAW, TN–CS database]. Thus, an essential element of the assault with intent to commit murder first degree offense has not been used to enhance the sentence imposed for the aggravated rape offense.

We note that both the assistant district attorney general and the trial judge were laboring under the erroneous assumption that the injuries sustained by the victim could not be used to enhance the sentence imposed for the offense of assault with intent to commit murder first degree, accompanied by bodily injury. When the injury inflicted constitutes a "serious bodily injury", the injury may be used to support a finding that the accused committed an especially aggravated offense and the imposition of a Range II sentence. See *State v. Donald Carter*, supra; *State v. Samuel Edwin Allen*, supra.

Having found the appellant was properly sentenced for the commission of an extremely aggravated offense in the aggravated rape case, this Court must review the length of the sentences imposed by the trial court.

■ There are no mitigating factors present. See T.C.A. § 40–35–110. However, there are several enhancing factors present in both cases. The appellant has a previous history of criminal behavior. T.C.A. § 40–35–111(1). He was arrested for burglary in 1984 in Georgia and was previously arrested for another charge of aggravated rape, but the victim moved and the appellant was not prosecuted. The appellant treated the victim with exceptional cruelty during the commission of the offenses. T.C.A. § 40–35–111(5). The appellant used the knife to uncloth the victim. He acted as if he was going to cut her throat and attempted to do so. He stabbed the victim at least eight times, watched her bleed profusely, and left the residence only when he thought she was dead. The offenses were committed by the appellant to gratify his desire for pleasure and excitement. T.C.A. § 40–35–111(7). The appellant raped the victim to satisfy his sexual appetite; and it appears the appellant enjoyed the excitement of attempting to kill the victim and watching her bleed to death. And the appellant showed no hesitation about committing a crime when the risk to human life was high. T.C.A. § 40–35–111(10). The appellant broke into the home of the victim, used a weapon obtained from the kitchen to commit this offense, and made every effort to slay the victim after gratifying his sexual pleasures. While there are other enhancing factors present on the face of the record, they may not be considered because they constitute either a necessary element of one of the offenses or one of the criteria for establishing an especially aggravated offense. T.C.A. § 40–35–111.

This Court finds the appellant lacks the characteristics, traits and desire necessary for one to rehabilitate himself. T.C.A. § 40–35–103(5). At the young age of twenty the appellant has been unable to maintain employment. He was discharged from one job because he failed to report for work and was unwilling to follow the orders of his superiors. He has had severe problems with alcohol and drug abuse. An extended hospitalization for drug abuse has not deterred the appellant from the continued use of narcotics. He contended he was under the influence of drugs when he committed the offenses in this case. In other

words, the appellant refuses or is unwilling to try to conform his conduct to that of a lawful and productive citizen.

■ Two of the purposes of the Tennessee Criminal Sentencing Reform Act of 1982 are (1) the assessment of punishment in relation to the seriousness of an offense, and (2) the prevention of crime and the promotion of respect for law by providing an effective deterrent to others likely to commit similar offense. T.C.A. § 40-35-102(1) and (3)(A). In the case *sub judice* the appellant deserves a life sentence, the maximum sentence for aggravated rape, because of the seriousness of the offense as well as the multitude of aggravating factors present. Also, society needs to be protected from the appellant for an extended period of time, T.C.A. § 40-35-103(1)(A); and such a sentence is necessary to avoid deprecating the seriousness of this offense. T.C.A. § 40-35-103(1)(A). In addition, this sentence will serve as notice to others who contemplate committing such a macabre and heinous crime that their conduct will not be tolerated in this jurisdiction; and, if such an offense is committed, the price for the commission of the offense will be extremely high. T.C.A. § 40-35-103(1)(B).

■ The length of the sentences imposed by the trial court is proper and we adopt these sentences. Requiring the two sentences to be served consecutively is also proper and we adopt the trial court's order on consecutive service of the sentences. The appellant is a "dangerous offender." The commission of the two offenses in this case indicates the appellant "has little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976). This issue is also without merit.

The judgments of the trial court are affirmed in all particulars.

O'BRIEN and DAUGHTREY, JJ., concur.