IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 7, 2002

## STATE OF TENNESSEE v. STEPHEN DANIEL GRANDE, SR.

**Direct Appeal from the Circuit Court for Henry County**
**No. 13080     Julian P. Guinn, Judge**

---

**No. W2001-00998-CCA-R3-CD - Filed May 16, 2003**

---

The appellant, Stephen Daniel Grande, Sr., was convicted by a jury of the unlawful manufacturing of methamphetamine and of introducing contraband into a penal institution. He received two concurrent three year sentences to be served on community corrections following service of a year of incarceration. In this appeal the appellant raises seven issues including whether the evidence is sufficient to support the verdict. However, in his brief the appellant cites no relevant authority to support his arguments. Indeed, the brief of the appellant is little more than a written diatribe describing alleged unlawful activities on the part of the authorities in Henry County, Tennessee, and characterizing those alleged activities as unconstitutional. Under these circumstances we find that the appellant has waived review of the issues on appeal. Nevertheless, we have in the interests of justice, reviewed the primary issue of the sufficiency of the evidence. We hold that the evidence is more than sufficient to support the verdict of the jury. Accordingly, the judgments of the trial court are AFFIRMED.

**Tenn. R. App. P. 3; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Barton F. Robinson, Paris, Tennessee, for appellant, Stephen Daniel Grande, Sr.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for appellee, State of Tennessee.

**OPINION**

Factual Background

During an investigation into the manufacturing of methamphetamine, drug task force agent Lester McCable IV visited a mobile home at 3045 Reynoldsburg Road in Henry County, Tennessee. The resident of the mobile home, Rickey Henderson, admitted Officer McCable into the mobile home and gave consent for McCable to search the residence. McCable observed the appellant in the kitchen opening cans of ether under running water. McCable also observed other chemicals and equipment known to him to be used in the production of methamphetamine. The appellant had "a sickening ether, ammonia odor from being so close to the ether." Only .2 grams of finished methamphetamine was actually recovered from the scene.

As to the charge of introducing a controlled substance into a penal institution, the proof showed that on August 24, 2000, the appellant delivered a package to the Henry County Jail. The package was for Mitzie Echenroe who was incarcerated at the jail. Ms. Echenroe was the girlfriend of the appellant's son. When guards at the jail searched the package, they found methamphetamine sealed inside tampons. There were also notes with the drug signed by a "Captain Foil", a nickname used by the appellant.

Waiver of Issues of Appeal

In his brief the appellant has raised a number of issues concerning his convictions. These issues are "argued" in a conclusory fashion without any citation to relevant statutes or cases to support the arguments. As noted earlier, the brief of the appellant is largely a diatribe about alleged law enforcement and judicial abuses in Henry County. Occasionally, a reference is made to a federal or state constitutional provision with a conclusory statement that the alleged law enforcement or judicial act being described violates that constitutional provision.

The appellant is required on appeal to cite relevant legal authority to support the issues he wishes this court to review. Tenn. R. App. P. 27(a)(7); Tenn. Ct. Crim. App. R. 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997). Failure to do so on the part of an appellant will ordinarily constitute a waiver of the issue. Id.; State v. Hammons, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987). Given the state of the appellant's brief in this case, we find that he has waived the issues presented for review. As noted, however, we will address the question of the sufficiency of the evidence.

Sufficiency of the Evidence

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all

conflicts in the testimony in favor of the State.  State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).  Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof.  State v. Tilson, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Id. at 779.

In the instant case the appellant's brief points to a number of alleged inconsistencies and contradictions in the testimony of the various law enforcement personnel who testified in this case. He also argues there is no proof that he actually possessed methamphetamine or that he knew there was methamphetamine in the tampons he delivered to the Henry County Jail.  Reconciliation of inconsistencies and seeming contradictions in the evidence is purely a jury function that this court will not second guess on appeal.  Likewise, it was the jury's prerogative to make the inferences that, when found in the process of mixing chemicals used to make methamphetamine in a residence set up as a lab for doing so, the appellant was in fact making methamphetamine.  Similarly, the jury could infer the appellant knew he was delivering drugs to the jail when he delivered the package containing the drugs and the drugs were packaged with notes purporting to be from "Captain Foil," a name the appellant often used.

Under these circumstances we find the evidence is more than sufficient to sustain the verdict and the judgments of the trial court are accordingly AFFIRMED.


_____
JERRY L. SMITH, JUDGE