IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 27, 2012

**STATE OF TENNESSEE v. SHELTON HALL**

**Appeal from the Circuit Court for Rutherford County**
**Nos. F-59815;F-60054;F-60055; F-62427      David M. Bragg, Judge**

─────────────

**No. M2012-01622-CCA-R3-CD - Filed March 26, 2013**

─────────────

The Defendant-Appellant, Shelton Hall, appeals the revocation of his Rutherford County Circuit Court community corrections sentence. Following his revocation hearing, Hall was ordered to serve consecutive sentences of eight years for his two convictions for the sale of .5 grams or more of cocaine and twelve years for his convictions for the sale of .5 grams or more of cocaine and the sale of less than .5 grams of cocaine within 1000 feet of a school zone in the Tennessee Department of Correction. On appeal, Hall argues that (1) his probation officer wrongfully violated his community corrections sentence without just cause, and (2) the trial court abused its discretion in declining to appoint counsel, in determining that he had waived his issues, and in failing to consider his "Motion for Reconsideration of Judgment Orders" and "Motion for Modification of Judgment Orders." Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and CHRISTOPHER (CHRIS) B. CRAFT, SPECIAL JUDGE, joined.

Shelton Hall, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Senior Counsel; William C. Whitesell, Jr., District Attorney General; and Jennings H. Jones, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History.** On July 20, 2007, Hall entered a guilty plea in case number F-59815 to reckless aggravated assault and was sentenced to three years with a release eligibility of thirty percent, which was suspended. The remaining counts in this case number

were dismissed. Also, on July 20, 2007, Hall entered guilty pleas in case numbers F-60054 and F-60055 to two counts of the sale of .5 grams or more of cocaine and was sentenced to two eight-year sentences with a release eligibility of thirty percent, which were suspended after service of one year in the Tennessee Department of Correction. The remaining counts in case numbers F-60054 and F-60055 were also dismissed. The three sentences in case numbers F-59815, F-60054, and F-60055 were ordered to be served concurrently, for an effective sentence of eight years.

Hall was subsequently charged with three additional offenses in case number F-62427. On April 22, 2009, Hall entered guilty pleas in count one to the sale of .5 grams or more of cocaine, in count two to the sale of less than .5 grams of cocaine, and in count three to the sale of less than .5 grams of cocaine within 1000 feet of a school zone. In count 1, the trial court imposed a twelve-year community corrections sentence with a release eligibility of thirty-five percent, which was to be served consecutively to the three convictions entered on July 20, 2007. In count 2, the trial court imposed a ten-year community corrections sentence with a release eligibility of thirty-five percent, which was to be served concurrently to count 1 and consecutively to the three convictions entered on July 20, 2007. In count 3, the trial court imposed a twelve-year community corrections sentence, which was to be served concurrently with counts 1 and 2 and consecutively to the three convictions on July 20, 2007.

Also on April 22, 2009, the trial court entered a Violation of Probation Order in case numbers F-59815, F-60054, and F-60055. Hall, with the assistance of counsel, signed an agreed revocation. As a result, the court ordered Hall to serve ten months in confinement before serving the balance of his eight-year sentence on community corrections. In this order, the trial court transferred Hall's supervision from probation to community corrections.

On August 11, 2009, the trial court entered a Community Corrections Order in case numbers F-59815, F-60054, F-60055, and F-62427 (1) showing that Hall had filed a motion for sentencing under Tennessee Code Annotated section 40-36-101, (2) finding Hall to be an appropriate candidate for alternative sentencing, (3) suspending the ten-month sentence, and (4) placing Hall on community corrections for twenty years. In this order, the trial court placed several general and special conditions on Hall and stated that his community corrections sentence would expire on July 15, 2027.

On October 11, 2010, Hall's probation officer signed a Violation of Community Corrections Affidavit, alleging that Hall violated the conditions of his sentence by failing to maintain employment, by failing a drug test for cocaine, by failing to pay court costs, by failing to remain current on his supervision fees, and by failing to attend a minimum of three hours of instruction per week for the purpose of obtaining his GED. On October 13, 2010, the court, pursuant to this affidavit, issued an arrest warrant for Hall. The court set a $40,000

bond and set Hall's revocation hearing to be heard on November 19, 2010. Shortly thereafter, the court appointed counsel for Hall for the revocation hearing, which was reset to December 17, 2010.

On January 21, 2011, Hall's probation officer signed an Amended Violation of Community Corrections Affidavit, alleging that Hall had tested positive for cocaine. That same day, the trial court issued another warrant for Hall's arrest and set his bond at $60,000. Although the warrant set a January 27, 2011 hearing date, the warrant was not executed on Hall until June 20, 2011.

On March 22, 2011, Hall's probation officer signed an Amended Violation of Community Corrections Affidavit, alleging that Hall had not reported to him in over thirty days. On March 25, 2011, the trial court, pursuant to this affidavit, issued another warrant for Hall's arrest. The court ordered Hall to be held without bond and set a May 6, 2011 hearing date. The warrant was not executed on Hall until June 20, 2011.

The Violation of Probation Order shows that Hall appeared at the September 23, 2011 revocation hearing with counsel. Following a hearing, the trial court determined that Hall had violated the terms of his community corrections sentence based on the violation grounds in the warrant. The court then ordered Hall to serve consecutive sentences of eight years for his two convictions for the sale of .5 grams or more of cocaine and twelve years for his convictions for the sale of .5 grams or more of cocaine and the sale of less than .5 grams of cocaine within 1000 feet of a school zone. The court gave Hall jail credit of one year and ten months and two years and nine days. A transcript from this hearing was not included in the record on appeal.

On October 7, 2011, Hall filed a pro se motion for a sentence modification hearing on the following grounds: (1) there were misleading narratives within the judgment orders, (2) his signature was not on any suspended sentence waivers, (3) his signature was not on any orders declaring him to serve sentences upon violating his community corrections sentences, and (4) he received ineffective assistance of counsel. The court construed Hall's October 7, 2011 motion as a petition for post-conviction relief. On October 20, 2011, the court issued an order denying post-conviction relief on the basis that the petition was untimely and that it was without jurisdiction to hear two of Hall's claims.

On October 25, 2011, Hall filed a pro se "Motion for Reconsideration of Judgment Orders," in which he claimed that his probation officer failed to assist him in obtaining drug rehabilitation treatment. The same day, the trial court denied the motion on the basis that no such motion existed in Tennessee law.

On November 16, 2011, Hall filed a pro se "Motion for Modification of Judgment Orders," in which he argued that he did not violate the terms of his twelve-year community correction sentence because it was not "active" at the time of his violations. On November 18, 2011, the trial court denied the motion on the basis that no such motion existed in Tennessee law.

On March 9, 2012, Hall, through counsel, filed a "Motion for Suspended Sentence Pursuant to Rule 35 of Tennessee Rules of Criminal Procedure." In this motion, Hall asked that his twelve-year sentence be suspended and argued that his October 7, 2011 and November 16, 2011 motions should have been treated as Rule 35 motions because "part of the relief . . . sought in each pleading was a preservation of the ability to serve part or all of his sentences on supervised probation and/or community corrections." On March 20, 2012, the court denied this motion for the following reasons: (1) the motion was untimely; (2) the language in the October 7, 2011 and November 16, 2011 motions did not indicate a request to serve part or all of the sentences on supervised probation or community corrections; and (3) none of Hall's motions since the September 23, 2011 revocation "alleged any post[-]sentencing information or developments to warrant a reduction of the defendant's sentence not previously presented to the court and rejected."

On April 3, 2011, Hall filed a pro se "Motion to Appeal Motion of Denial of Suspended Sentence Rule 35(d)" and a pro se "Motion to be Heard." On April 24, 2012, the court dismissed the motion to appeal on the basis that it was not properly before the court, given that appeals of orders on suspended sentences are subject to an abuse of discretion standard of review by the Tennessee Court of Criminal Appeals. The court also denied the motion to be heard on the basis that it failed to state grounds upon which relief could be granted.

On April 18, 2012, Hall filed a pro se "Motion for Writ of Error Coram Nobis." On April 24, 2012, the court denied this motion on the basis that Hall failed to state grounds upon which relief could be granted.

On May 3, 2012, Hall filed a pro se "Motion for Suspended Sentence" and a "Request for Counsel." On May 15, 2012, the court denied the motion for a suspended sentence because it found "no post-sentencing information or developments that would, in the interest of justice, warrant a reduction, modification, or suspension of the sentence." That same day, the court denied Hall's request for counsel because there were no pending motions or petitions that would warrant the appointment of counsel.

On June 1, 2012, Hall filed a pro se "Motion to Appeal Community Corrections Violation Dated on the 23rd day of Sept. 2011." On June 26, 2012, the court denied this

motion on the basis that it was not properly before this court, given that appeals of orders on violations of community corrections sentences were subject to an abuse of discretion standard of review by the Tennessee Court of Criminal Appeals.

On June 29, 2012, Hall filed a pro se "Motion for Notice of Appeal" and a "Motion for Appointment of Counsel." Hall's June 29, 2012 "Motion for Notice of Appeal" was subsequently treated by the Tennessee Court of Criminal Appeals as a notice of appeal for the September 23, 2011 revocation of his community corrections sentence. This notice of appeal document was untimely. On August 16, 2012, this court denied Hall's motion for appointment of counsel on appeal.[1]

## ANALYSIS

In Hall's brief and supplemental brief, he argues that his probation officer wrongfully violated his community corrections sentence without just cause and that the trial court abused its discretion in declining to appoint counsel, in determining that he had waived his issues, and in failing to consider his "Motion for Reconsideration of Judgment Orders" and "Motion for Modification of Judgment Orders." In response, the State argues that Hall has waived his issues on appeal because he failed to include the transcript from the community corrections revocation hearing. Second, the State contends that Hall has waived his issues because he failed to make appropriate references to the record, failed to include citations to relevant authority, and failed to support his issues with argument. Third, the State argues that this appeal should be dismissed because Hall failed to file a timely notice of appeal and failed

---

[1]We note that the State had a number of errors in its recitation of the procedural history in this case. The State asserted that Hall's July 20, 2007 convictions took place in the Rutherford County Criminal Court; however, the convictions occurred in the Rutherford County Circuit Court as there is no criminal court in Rutherford County. In addition, the State asserted that Hall's July 20, 2007 convictions were to two counts of the sale of less than .5 grams of cocaine when in fact the guilty pleas were to two counts of the sale of .5 grams or more of cocaine. Moreover, the State erroneously referred to Hall's July 20, 2007 convictions as July 2008 convictions on two different occasions and stated that the Community Corrections Order was entered on August 9, 2011 rather than August 11, 2009. Additionally, the State erroneously asserted that Hall apparently expressed regret for violating the law in his November 16, 2011 "Motion for Modification of Judgement Orders" when in fact he argued in this motion that he did not violate his twelve-year community corrections sentence because it was not "active" at the time of his violations. Finally, the State erroneously asserted that Hall filed a June 1, 2012 document treated as a notice of appeal by this court. Although Hall filed a June 1, 2012 "Motion to Appeal Community Corrections Violation Dated on the 23rd day of Sept. 2011," this motion was denied by the trial court on June 26, 2012. However, on June 29, 2012, Hall filed a "Motion for Notice of Appeal," which was the document treated by this court as the notice of appeal in this case. Because facts and procedural history affect each party's arguments on appeal, we encourage all parties to be vigilant in accurately reciting the facts and procedural history of cases before this court.

to provide an explanation for his late-filed notice of appeal. We conclude that Hall has waived his issues because he failed to include the transcript from the revocation hearing and because he failed to make appropriate references to the record, failed to include citations to relevant authority, and failed to support his issues with argument.

We agree that Hall has waived his issues because he failed to include the transcript from the revocation hearing. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

We also agree that Hall failed to make appropriate references to the record, failed to include citations to relevant authority, and failed to support his issues with argument. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). Moreover, a brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on."). Tenn. R. App. P. 27(a)(7). Failure to comply with this basic rule will ordinarily constitute a waiver of the issue. State v. Hammons, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987). This court has long recognized that pro se appellants are not held to the same strict drafting standards as attorneys and that pro se pleadings should be more liberally construed. Our review shows that Hall failed to satisfy the requirements in Rule 10(b) and Rule 27(a)(7), even when we liberally construe his briefs because he is proceeding pro se. Accordingly, we conclude that Hall has waived his issues on appeal.

Finally, we agree that Hall did not file a timely notice of appeal in this case. Here, Hall should have filed his notice of appeal within thirty days of September 23, 2011, the date the revocation order was entered. See Tenn. R. App. P. 3(b), 4(a). We note that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Without determining whether the "interest of justice" is best served by granting a waiver in this case, we conclude that Hall has waived his issues on appeal based on his failure to include the transcript from the revocation hearing and based on his failure to make appropriate references to the record, to include citations to relevant authority, and to support his issues with argument.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE