IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2015

**JACKIE D. SEYMORE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. 40900446    John H. Gasaway, III, Judge**

_____

**No. M2014-00895-CCA-R3-PC – Filed June 2, 2015**

_____

The Petitioner, Jackie D. Seymore, appeals the post-conviction court's denial of relief from his convictions for rape of a child. On appeal, he argues that he received ineffective assistance of counsel. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

B. Nathan Hunt, Clarksville, Tennessee, for the Defendant-Appellant, Jackie D. Seymore.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; John W. Carney, District Attorney General; and Arthur Bieber, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In October 2010, the Petitioner was indicted for three counts of rape of a child for the rape of his daughter. Following a bench trial, the Petitioner was convicted of two counts of rape of a child and acquited of the third count. On May 12, 2011, the trial court sentenced the Petitioner to 25 years' confinement for each count of rape of a child, to run concurrently to each other and concurrently to a 6-year sentence for a prior conviction. This court affirmed the trial court's judgment on direct appeal. See State v. Jackie D. Seymore, No. M2012-01109-CCA-R3-CD, 2013 WL 772917 (Tenn. Crim. App. Feb. 28, 2013).

On May 10, 2012, the Petitioner filed a petition for post-conviction relief, which was held in abeyance pending his delayed direct appeal. He was subsequently appointed counsel and an amended petition was filed on his behalf on August 27, 2013. On March

13, 2014, an evidentiary hearing was held, at which the following evidence was presented.

The Petitioner testified that he was represented by counsel at trial and that the two met only a few times prior to trial. The Petitioner wrote letters to counsel asking him to "put more time and effort" into the Petitioner's case but "wouldn't get a response until [counsel] wanted to come and see [him]." He recalled that his last meeting with counsel was only a few days prior to trial, during which counsel brought clothes for the Petitioner to wear during trial. The Petitioner complained that during trial, counsel failed to establish "prejudice and bias on the part of [the Petitioner's] wife and [the victim]." When asked to explain how counsel failed in this respect, the Petitioner explained,

> Any time that my wife has ever left the home and left me in charge I was responsible. Every time that my wife come [sic] back . . . . my children have never [been] harmed. Any day – whatever day, time, year in question, anytime my wife has ever left the home and returned my children were never harmed.

The Petitioner believed that counsel failed to establish this fact at trial. The Petitioner also complained that counsel failed to object to certain changes in the indictment and failed to object when the State questioned the Petitioner about matters that were suppressed prior to trial. The Petititioner believed that counsel provided deficient representation that prejudiced his defense.

Counsel testified that after taking over the case from the Petitioner's prior attorney, he met with the Petitioner "plenty of times" before trial. He recalled that the Petitioner wanted to testify at trial to "tell his side of the story," and counsel discussed with him the risks of testifying. Counsel informed the Petitioner that he would be subject to cross-examination and could be impeached with his prior felony record. Because the Petitioner adamantly wanted to testify, counsel advised him to waive a trial by jury and proceed with a bench trial because of his prior felony record.

With regard to the superseding indictment, counsel recalled that "virtually all of the dates alleged in the first indictment were, in fact, times that [the Petitioner] was behind bars in the Montgomery County Jail." The State subsequently sought a second indictment "that expanded the dates" to time periods when the Petitioner was not incarcerated. Counsel believed the timeline was a "weakness" in the State's case and stated that he "zealously presented" evidence at trial to show that the State "shifted and rotated" the dates of the offense after learning that the Defendant had alibis for dates alleged in the first indictment. When asked whether he failed to object to questions by the State about subject matter that had been suppressed prior to trial, counsel could not

-2-

recall anything specific but stated that "the judge is quite adept at picking through the min[e] field and placing that out of his mind if it's not lawfully admissible evidence; whereas a jury may hear something and ignore an instruction to disregard what they just heard." With regard to the Petitioner's complaint that counsel failed to establish prejudice or bias by the victim and her mother, counsel stated that he found no motive or incentive for the victim to lie. He explained, "[I]t's not an element of the offense, but the fact finder often wants to know why would an articulate[,] . . . vocal young lady say these things happened, and [the Petitioner] couldn't give me . . . a good reason for why . . . [the victim] would make false statements."

Following the hearing, the post-conviction court took the matter under advisement and, at a subsequent hearing, denied the Petitioner's petition for relief. He set out the same in a written order on April 14, 2014. It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner argues that he received ineffective assistance of counsel at trial. Specifically, he alleges that counsel failed to adequately prepare for trial, meet with him sufficiently prior to trial, impeach the State's primary witnesses, the victim and the victim's mother, and object to certain questions by the State.[1] The State responds that the Petitioner failed to prove that counsel's performance was deficient or that his defense was prejudiced as a result therefrom. We agree with the State.

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103. The Tennessee Supreme Court has held:

A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

---

[1] The Petitioner raised a number of other grounds of ineffective assistance of counsel in his original and amended petition for post-conviction relief and at the evidentiary hearing. The post-conviction court considered all grounds raised by the Petitioner in its denial of relief, and the Petitioner did not raise them again in his brief to this court. Accordingly, we do not address them on appeal.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Vaughn further repeated well-settled principles applicable to claims of ineffective assistance of counsel:

> The right of a person accused of a crime to representation by counsel is guaranteed by both the Sixth Amendment to the United States Constitution and article I, section 9, of the Tennessee Constitution. Both the United States Supreme Court and this Court have recognized that this right to representation encompasses the right to reasonably effective assistance, that is, within the range of competence demanded of attorneys in criminal cases.

> Vaughn, 202 S.W.3d at 116 (internal quotations and citations omitted).

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Id. (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694).

We note that "[i]n evaluating an attorney's performance, a reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Burns, 6 S.W.3d 453, 462 (Tenn. 1999) (citing Strickland, 466 U.S. at 689). Moreover, "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." Strickland, 466 U.S. at 688-89. However, we note that this "'deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation.'" House v. State, 44 S.W.3d 508, 515 (Tenn. 2001) (quoting Goad, 938 S.W.2d at 369).

In the instant case, the Petitioner first alleges that counsel rendered ineffective assistance by failing to adequately prepare for trial and meet with him sufficiently prior to trial. He asserts that counsel met with him only a few times before trial for short periods of time and did not respond to his letters regarding his case or address his concerns about trial. In denying relief on these grounds, the post-conviction court accredited the testimony of counsel and found that the Petitioner failed to "prove by clear and convincing evidence that [counsel] was deficient in his representation." The record does not preponderate against the findings of the post-conviction court. At the evidentiary hearing, counsel testified that he believed he met with the Petitioner "plenty of times" prior to trial and that he discussed with him the benefits and risks of a trial by jury or by judge. Counsel recalled that the Petitioner adamantly wanted to testify and because of the Petitioner's prior felony record, counsel advised him to proceed with a bench trial. In addition to counsel's testimony regarding his actions before and during trial, the trial transcript also confirms that counsel filed several pretrial motions and virgorously challenged the State's timeline of the offenses, highlighting for the trial court the "shift" in the dates between the first indictment and the second indictment. Based on the record, we agree with the post-conviction court that the Petitioner failed to establish deficient performance by counsel in this regard.

The Petitioner next alleges that counsel failed to impeach the victim or the victim's mother during trial to show that they had a motive to lie, which prejudiced his defense. Upon our review of the record, we agree with the post-conviction court that the Petitioner failed to establish ineffective assistance of counsel in this regard. During trial, counsel soundly cross-examined both of these witnesses about the timeline of the offenses and any discrepancies between their trial testimony and statements they gave to police earlier in the investigation. He also established the fact that the victim's mother filed for divorce from the Petitioner several years before making any allegations against the Petitioner. At the post-conviction evidentiary hearing, counsel testified that the Petitioner was unable to articulate any motive or reason that the victim would have to lie about the allegations. The Petitioner, likewise, offered no motive or incentive for the

victim or her mother to lie and provided no other evidence to this effect. Accordingly, he has failed to establish deficient representation by counsel and is not entitled to relief on this ground.

Finally, the Petitioner alleges that counsel failed to object to certain questions that he was asked by the State about matters that had been suppressed prior to trial. Although he specifies that he was asked questions regarding statements he made during a polygraph examination, he has failed to support this argument with citations to authorities or appropriate references to the record. Indeed, he does not specify what questions were asked or what his responses were nor does he provide any case law to support his assertion that counsel had grounds upon which to object.[2] It is well-established that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." See Tenn. Ct. Crim. App. R. 10(b); see also Tenn. R.App. P. 27(a)(7) (A brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on."). Failure to comply with this basic rule will ordinarily constitute a waiver of the issue. State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997) (citing State v. Hammons, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987)). Consequently, this issue is waived.

## CONCLUSION

Based on the foregoing authorities and analysis, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE

---

[2] Our review of the trial record confirms that the Petitioner's statements made during the polygraph examination were suppressed prior to trial for use by the State in its case-in-chief, but the trial court specifically ruled that the State could use such statements for impeachment purposes on cross-examination. The only questions posed to the Petitioner by the State in the record that appear to address statements he made during a police interview were asked during cross-examination by the State. Thus, it appears that these questions were not subject to the trial court's suppression order and that counsel had no grounds upon which to object.