IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2021

## STATE OF TENNESSEE v. ANTONIO D. BLAYLOCK

**Appeal from the Circuit Court for Madison County**
**No. 19-636    Donald H. Allen, Judge**

_____

### No. W2020-00080-CCA-R3-CD

_____

J. ROSS DYER, J., concurring in part and dissenting in part.

While I agree with the majority's conclusion that the trial court did not abuse its discretion in denying the defendant's request for full probation, I write separately to respectfully dissent from the majority's conclusion that the trial court erred in not imposing some form of alternative sentencing such as split confinement. Additionally, if the trial court had abused its discretion in not imposing some form of alternative sentencing, I disagree with the majority's decision to impose a sentence of split-confinement and conclude that the appropriate remedy would be to remand the matter for a new sentencing hearing especially in light of the majority's finding that the trial court abused its discretion in by not considering the Strong R Assessment.

Of note initially is the defendant's failure to object to the trial court's alleged failure to consider the statistical data compiled by the Administrative Office of the Courts ("AOC") or the Strong R assessment. In finding the trial court abused its discretion, the majority bases its conclusion, in part, on the trial court's failure to consider the statistical data from the AOC and the defendant's Strong R Assessment. However, the defendant does not raise these objections in his brief to this Court nor did he voice an objection at the trial level. While the defendant's brief cites the relevant caselaw, his argument on appeal is simply a general claim that the trial court abused its discretion with no explanation of how and simply recites his own self-serving testimony from the sentencing hearing. Additionally, even if the trial court, as suggested by the majority, failed to review the Strong R Assessment during the second day of the sentencing hearing, the defendant agreed to proceed with the hearing despite the absence of a validated risk assessment.

It is well established that "[t]he failure to make a contemporaneous objection constitute[s] waiver of the issue on appeal." *State v. Gilley*, 297 S.W.3d 739, 762 (Tenn.

Crim. App. 2008).   Therefore, the issue is waived.   *See* Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error");  *see also State v. Flynn*, 675 S.W.2d 494, 498 (Tenn. Crim. App. 1984) (holding that the defendant's failure to object at the sentencing hearing to a statement in his presentence report precluded consideration of the issue on appeal); *State v. Ronald Ailey*, No. E2017-02359-CCA-R3-CD, 2019 WL 3917557, at *31 (Tenn. Crim. App. Aug. 19, 2019) (holding that the defendant's failure to object to the absence of a validated risk assessment constitutes waiver on appeal of the claim); *State v. Joshua Lishun Brewer*, No. E2015-02178-CCA-R3-CD, 2016 WL 6087677 at *5 (Tenn. Crim. App. Oct. 18, 2016) (concluding that the defendant waived an argument by failing to "object at the sentencing hearing to the admission of the presentence report as an exhibit or to any of the report's contents"); *State v. Roger M. DeMass*, No. M2000-0344-CCA-R3-CD, 2000 WL 1277359, at *5 (Tenn. Crim. App. Aug. 31, 2000) (determining that the issue was waived on appeal because the defendant failed to object to the lack of technical compliance with Tennessee Code Annotated § 40-35-304(b) requiring the presentence service officer to include in the presentence report documentation regarding the nature and amount of the victim's pecuniary loss).   Moreover, despite the absence of this assessment, the record reflects, as discussed *infra*, that the trial court considered the defendant's potential for rehabilitation and his amenability to correction in its sentencing determination.

Furthermore, Rule 27(a)(4) of the Tennessee Rules of Appellate Procedure requires that the appellant's brief contain an argument setting forth "the contention of the appellant with respect to the issues presented, and the reasons therefore, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record."   Tenn. R. App. P. 27(a)(7)(A).   Failure to comply with this basic rule will ordinarily constitute a waiver of the issue.   *State v. Hammons*, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987).   Likewise, the rules of this Court establish that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."   Tenn. Ct. Crim. App. R. 10(b).   Again, the defendant's brief in this matter does not claim that the trial court failed to consider the validated risk assessment or the statistical data from the AOC.   Rather, the defendant simply recites his previous testimony.   Accordingly, the defendant has waived any claim concerning the trial court's review, or lack thereof, of those two items.

Notwithstanding the defendant's waiver, the record supports a finding that the trial court did not abuse its discretion and followed the statutory guidelines and the purposes and principles of sentencing in denying the defendant's request for some form of alternative sentencing.   While recognizing the record could be clearer, I respectfully dissent from the majority's conclusion that the trial court failed to consider the statistical data from the AOC and a validated risk assessment.   Though the trial court did not specifically state it had

2

reviewed the statistical data from the AOC, there does not appear to be any caselaw requiring such a declarative statement by the trial court. Rather, the caselaw overwhelmingly suggests that a trial court need only state it is following the statutory scheme and considering the purposes and principles of sentencing in reaching its sentencing determination. Furthermore, as noted by the majority, the trial court is not mandated to give the statistical information any particular weight.

Concerning the consideration of a validated risk assessment, I disagree with the majority's conclusion that the trial court failed to consider such in the instant matter. During the initial hearing, the trial court noted it was required to consider the risk assessment in making its sentencing determination. And, since the assessment was not initially included with the presentence report, the trial court continued the hearing for several weeks so the report could be made and provided to the court. During the subsequent hearing and while discussing the fact that the probation officer from the Day Reporting Center, Mr. Holladay, was not present to testify about his report and conclusion that the defendant did not qualify for their program, the trial court asked if the defendant wanted to continue with the hearing or wait for Mr. Holladay to be available. During that discussion, the trial court commented, "I mean, I was just waiting because you wanted me to consider the Day Reporting Center and I didn't have an assessment, and that's the reason I reset it." The majority reads the trial court's comments to mean the trial court did not review the risk assessment. I disagree.

The trial court acknowledged during the initial hearing that he was required to review the risk assessment. Then, during the second hearing, the trial court used the past tense when discussing the assessment, implying that the trial court was now in possession of the assessment. The trial court's acknowledgment of its duty to review the assessment and its use of the past tense during the second hearing leads to the conclusion that the trial court not only had a copy of the assessment at the second hearing but also reviewed and took it into account in sentencing the defendant. The majority points to the fact that the risk assessment is not included in the record to support its conclusion that the trial court failed to review it. However, several exhibits and documents are not included in the record on appeal, and it is the defendant's responsibility to ensure the accuracy of the appellate record. *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993) (It is the appellant's responsibility to prepare an adequate record for this Court to address the issues on appeal.)

Moreover, notwithstanding the question of whether the validated risk assessment was included and reviewed by the trial court, it is clear from the record that the trial court considered the defendant's potential for rehabilitation in reaching its sentencing determinations. Specifically, the trial court noted that the defendant had a handful of issues while a juvenile and was placed on probation for those matters, including intensive probation for a theft charge. Despite these early attempts to rehabilitate the defendant, the

3

defendant, whose license was suspended at the time of the instant offenses, took his mother's car without her permission and drove to a party where underage drinking had been reported. Then, when law enforcement, who had been called to the party, tried with lights, sirens, verbal commands, and even road blocks, to stop the defendant, the defendant ran from the police. After making the intentional decision to evade law enforcement, the defendant placed his life, the lives of the officers, and the lives of other motorists in jeopardy by leading law enforcement on a high-speed chase. Additionally, during his attempts to evade, the defendant wrecked another vehicle injuring the driver, ran into a telephone pole, and ran into a porch before flipping and wrecking his mother's new car. Despite wrecking his vehicle, the defendant still attempted to evade officers on foot. All of these facts were taken into consideration by the trial court in determining the defendant's potential for rehabilitation and in imposing an effective sentence of eight years' confinement. Based on my review of the record on appeal, the trial court did, in fact, consider the purposes and principles of sentencing and did not abuse its discretion in sentencing the defendant. Accordingly, I would affirm the judgment of the trial court.

Finally, if, as the majority concludes, the trial court failed to consider the Strong R Assessment, I believe the appropriate remedy would be to remand the matter to the trial court. As noted, the Strong R Assessment shall be considered by the trial court in order to comply with the sentencing statute. Therefore, in order to sentence the defendant in accordance with the statute, this Court must also consider the risk assessment when sentencing the defendant. Because the risk assessment is not included in the record, I do not believe this Court can resentence the defendant in compliance with the statute; therefore, the appropriate remedy would be to remand the matter to the trial court for entry and consideration of the assessment.

_____
J. ROSS DYER, JUDGE