IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 10, 2018

**GREGORY WOODS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 13-05640       Paula L. Skahan, Judge**

_____

**No. W2017-01972-CCA-R3-PC**

_____

The Petitioner, Gregory Woods, appeals from the denial of post-conviction relief, alleging that he was not competent to enter a guilty plea, that he was improperly sentenced as a Range II offender, and that he received ineffective assistance of counsel. Pursuant to a plea agreement, the Petitioner entered a guilty plea to aggravated sexual battery, for which he received an effective sentence of twenty years as a Range II offender.[1] Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Robert Brooks, Memphis, Tennessee, for the appellant, Gregory Woods.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Katie Ratton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

As relevant to this appeal, the Petitioner was originally indicted for rape of a child and aggravated sexual battery. See T.C.A. §§ 39-13-522(a), -504(a)(4). Pursuant to the plea agreement, the Petitioner agreed to plead guilty to aggravated sexual battery as a Range II offender in exchange for the State dismissing the rape of a child charge. At the March 1, 2016 guilty plea hearing, the State relied upon and defense counsel stipulated to the following facts:

---

[1] Under separate indictments, the Petitioner also pled guilty to possession of a controlled substance with intent to sell and possession of marijuana with intent to sell. The Petitioner does not address these convictions on appeal. Accordingly, any corresponding issues are waived.

[B]etween August 1, 2010 and July 17, 2011, twelve year old female victim, [S.T.][2] advised that she was twelve years old and had sex with the defendant, Gregory Woods, four times. She advised that she has had sex with no one else and is pregnant with the defendant's baby. The victim was four months and three days pregnant as of [February 23, 2011.]

The defendant gave a statement stating he didn't know the victim and never had sex with her. Stated that some girls got his cell phone number and kept calling him. The victim, [S.T.] gave birth to [a daughter] on July 17, 2011 and it was later determined to be the defendant's child.

During the guilty plea colloquy, the Petitioner said he understood that he was pleading outside of his range to the agreed-upon sentence of twenty years at 100%. The Petitioner acknowledged that he was waiving his constitutional rights by pleading guilty and that he was entering his plea freely, voluntarily, and knowingly. In addition, the Petitioner stated that he was satisfied with trial counsel's representation and that he did not have any questions for the court. The trial court accepted the Petitioner's guilty plea and sentenced him pursuant to the negotiated plea agreement.

On September 23, 2016, the Petitioner filed a pro se petition for post-conviction relief, which was amended following the appointment of counsel, alleging that his guilty plea was involuntary and that he was denied effective assistance of counsel.

**Post-Conviction Hearing.** At the May 5, 2017 post-conviction hearing, the Petitioner testified that he was improperly sentenced as a Range II offender instead of a Range I offender. He also testified that he "probably would have had a better outcome" had the victim testified "in [his] defense" because she would have testified "that there was no coercion in this sexual relationship, that there was no force involved[,]" and "[t]hat the [victim] consented to it." The Petitioner acknowledged that the victim's testimony would not have changed her age at the time of the offenses. The Petitioner confirmed discussing his case with trial counsel who told him "there was no purpose to be served by [the victim] talking to the [c]ourt[.]"

On cross-examination, the Petitioner agreed that he was "originally facing a charge of rape of a child" but that he did not understand that it was dismissed in exchange for him pleading guilty outside of his range. He said he did not "remember" or "recall" his guilty plea hearing or the trial court explaining the consequences of his guilty plea and his waiver of rights. The Petitioner said trial counsel "told [him] to just sit up there and just agree to everything and get it over with[.]" The Petitioner stated that he had "an

---

[2] It is the policy of this court to refer to minor victims and their family members by their initials.

intellectual functioning disorder . . . since 1989." The Petitioner could not remember being evaluated by doctors before trial but agreed that he was "able to remember that the 12-year-old victim in this case wanted to have sexual relations with [him] and that was going to be [his] defense at trial." The Petitioner agreed that he faced a "full exposure" of "30 years or more" but did not remember the trial court explaining that to him.

Trial counsel, a criminal defense lawyer for twelve years, testified that there was "some concern" about the Petitioner's mental capacity but that he was "evaluated and was found to have been competent and sane." Trial counsel confirmed discussing the Petitioner's case with him and explained that he was facing "over 30 years" for all of his charges. He explained to the Petitioner "that he had no defense" because "there was DNA evidence indicating that he was the father" of the twelve-year-old victim's daughter. Moreover, he explained to the Petitioner that "the State didn't even need the victim to testify[,]" that the State was "prepared to go forward with or without her[,]" and that the "scientific proof" would have been sufficient. Trial counsel testified that the Petitioner's guilty plea was "[a]bsolutely [] his decision" and that it was made knowingly, voluntarily, and intelligently.

After the hearing, the post-conviction court took the matter under advisement and entered a written order denying post-conviction relief on September 8, 2017. In its order, the court found that the Petitioner failed to "submit any evidence to suggest he did not possess the requisite mental capacity at the time of his guilty plea" and that the Petitioner "was evaluated and found competent" by a hired expert. The court explained:

> Petitioner's most recent Mental Status Exam in 2011 reflected that Petitioner's thought processes, thought content, perception, concentration, and memory were "WNL" (i.e. within normal limits), but that Petitioner's intelligence and insight were "below average" and "poor" respectively. Petitioner's mental health records do not indicate he possessed a high intelligence, but that he was competent nonetheless.

The court further found that the Petitioner "fail[ed] to identify how [the victim]'s testimony would have altered the outcome of his conviction" because "regardless of [the victim]'s testimony, Petitioner would have still satisfied the statutory requirements of aggravated sexual battery." Additionally, the court found that "Petitioner did not identify any [mitigating] factors that were applicable or relevant to his conviction[.]" Moreover, the court found that the Petitioner "understood that he was under no obligation to enter a guilty plea[,]" that the "trial court explained in detail the charges Petitioner was pleading to and the potentially applicable sentences of each[,]" and that "[n]othing in the record of either hearing, nor does Petitioner's own testimony, suggests his plea of guilty was entered involuntarily or unknowingly." In denying the petition, the court concluded:

- 3 -

Petitioner was of sane mind, pursuant to his mental health records and examinations, at the time the plea was entered. Petitioner also fail[ed] to identify how or in what manner the plea was entered involuntarily, as the record does not reflect acts of coercion on behalf of the [S]tate or [trial counsel].

It is from this order that the Petitioner appeals.

## ANALYSIS

On appeal, the Petitioner argues that his diminished mental capacity prevented him from competently pleading guilty, that he was improperly sentenced as a Range II offender, and that he was denied effective assistance of counsel. Specifically, the Petitioner asserts that trial counsel failed to investigate his mental capacity, to call the victim as a witness, and to assert that he was a Range I, not Range II, offender. The State responds that the Petitioner waived these issues by not adequately supporting his claims with argument. Waiver notwithstanding, the State responds that the Petitioner put forth no evidence of incompetency and that he received effective assistance of counsel.

In reaching our conclusion, we are guided by the following well-established law pertaining to post-conviction relief. Post-conviction relief is only warranted when a petitioner establishes that his or her conviction or sentence is void or voidable because of an abridgment of a constitutional right. T.C.A. §§ 40-30-103. The Tennessee Supreme Court has held:

> A post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. When reviewing factual issues, the appellate court will not re-weigh or re-evaluate the evidence; moreover, factual questions involving the credibility of witnesses or the weight of their testimony are matters for the trial court to resolve. The appellate court's review of a legal issue, or of a mixed question of law or fact such as a claim of ineffective assistance of counsel, is de novo with no presumption of correctness.

Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006) (internal citations and quotation marks omitted); see Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011); Frazier v. State, 303 S.W.3d 674, 679 (Tenn. 2010). A post-conviction petitioner has the burden of proving the factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); Tenn. Sup. Ct. R. 28, § 8(D)(1); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). Evidence is considered clear and convincing when there is no serious or substantial doubt about the accuracy of the conclusions drawn from it. Lane v. State, 316

S.W.3d 555, 562 (Tenn. 2010); Grindstaff v. State, 297 S.W.3d 208, 216 (Tenn. 2009); Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

As an initial matter, "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). Failure to comply with this basic rule will ordinarily constitute a waiver of the issue. State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997) (citing State v. Hammons, 737 S.W.2d 549, 552 (Tenn. Crim. App. 1987)). In addition, Tennessee Rule of Appellate Procedure 27 provides that an appellant's brief must contain, among other requirements, arguments containing citations to authorities and references to the record. Tenn. R. App. P. 27(a). Moreover, if a brief fails to comply with the Tennessee Rules of Appellate Procedure, this court may strike the brief, require a new brief to be filed within a fixed period of time, and impose costs to the offending party responsible for the brief. Tenn. Ct. Crim. App. R. 10(a). Although we agree that the Petitioners' brief is inadequate in several respects, we will nevertheless address the Petitioners' issues on appeal.

**I. Competency to Plead Guilty.** The Petitioner argues that his diminished mental capacity prevented him from entering his guilty plea competently. The State responds that the Petitioner waived this issue by not properly arguing it on appeal. Alternatively, the State argues that the Petitioner provided no proof of incompetency and confirmed to the trial court during his guilty plea colloquy that his guilty plea was made knowingly, voluntarily, and intelligently.

We note that the validity of a guilty plea is a mixed question of law and fact that is reviewed de novo. Lane, 316 S.W.3d at 562. To be valid, a guilty plea must be entered knowingly, voluntarily, and intelligently. Id. (citing State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977); North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 747 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). "[T]he record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea[.]" Mackey, 553 S.W.2d at 340; see Tenn. R. Crim. P. 11(b)(1). When determining whether a guilty plea was knowingly, voluntarily, and intelligently entered, the court must consider "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Lane, 316 S.W.3d at 562 (quoting Grindstaff, 297 S.W.3d at 218). If a guilty plea is not knowingly, voluntarily, and intelligently entered, then the defendant has been denied due process, and the guilty plea is void. Id. (citations omitted).

- 5 -

A plea is not voluntary if it is the result of "'[i]gnorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats[.]'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43). In determining whether a guilty plea is voluntarily and intelligently entered, a trial court must look at a number of factors, which include the following:

> 1) the defendant's relative intelligence; 2) the defendant's familiarity with criminal proceedings; 3) the competency of counsel and the defendant's opportunity to confer with counsel about alternatives; 4) the advice of counsel and the court about the charges and the penalty to be imposed; and 5) the defendant's reasons for pleading guilty, including the desire to avoid a greater penalty in a jury trial.

Howell v. State, 185 S.W.3d 319, 330-31 (Tenn. 2006) (citing Blankenship, 858 S.W.2d at 904).

Here, the Petitioner asserts that he has a history of mental incapacity and that he did not competently plead guilty. The State responds that the Petitioner's argument is wholly inadequate as it "fails to clearly frame the issue, sets forth no reasons in support of his contention, and has no developed argumentation on the issue." Waiver notwithstanding, the State argues that the Petitioner "showed an ability to understand the plea hearing proceedings, consult with counsel, and assist in his own defense."

We conclude that the court properly denied post-conviction relief. The record shows that the Petitioner was evaluated multiple times before entering his guilty plea and at no time was he found to be incompetent, insane, or otherwise mentally incapacitated such that he could not enter a knowing and voluntary guilty plea. The record further shows that the Petitioner conferred with trial counsel prior to entering his guilty plea and that he received a more favorable sentence than he likely would have at trial. Accordingly, he is not entitled to relief.

**II. Sentencing.** The Petitioner argues that the trial court improperly classified him as a Range II offender when he was in fact only a Range I offender. In his petition for post-conviction relief, he argues that he could not have been sentenced as a Range II offender and trial counsel "creat[ed] false expectations regarding sentencing." The State responds that "it is permissible for a defendant to plead out of range" and that trial counsel adequately advised the Petitioner before he entered his guilty plea. Moreover, the State asserts that the trial court adequately explained to the Petitioner the consequences of pleading out of range and the Petitioner expressed his understanding of doing so.

- 6 -

The Petitioner was originally indicted for rape of a child and aggravated sexual battery. See T.C.A. §§ 39-13-522(a), -504(a)(4). Pursuant to the plea agreement, the Petitioner agreed to plead guilty to aggravated sexual battery as a Range II offender in exchange for the State dismissing the rape of a child charge. Rape of a child is a Class A felony which carries a minimum sentence of twenty-five years as a Range II offender. T.C.A. §§ 39-13-522(b) (2011). Aggravated sexual battery is a Class B felony which carries a sentence of eight to twelve years as a Range I offender. T.C.A. §§ 39-13-504(b); 40-35-112(a)(2). "[A] plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense." Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007) (citing Hicks, 947 S.W.2d at 707-09). "[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." Id. Moreover, "offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations." Id.

The record reflects that the Petitioner was facing more than thirty years for all of the charges involved and that trial counsel was able to negotiate a lower sentence despite a higher offender classification. At the guilty plea hearing, the trial court explained to the Petitioner that he was pleading outside of his range and the consequences of doing so. The Petitioner did not ask any questions or indicate that he did not understand what he was doing. The record supports the post-conviction court's sentencing determination and he is not entitled to relief.

**III. Ineffective Assistance of Counsel.** The Petitioner argues that trial counsel was ineffective for failing to investigate his mental capacity, to call the victim as a witness, and to correct his sentencing offender range. The State responds that trial counsel met with the Petitioner "on numerous occasions to discuss Petitioner's case, submitted the prosecution's case to meaningful adversarial testing, negotiated a favorable settlement for [the] Petitioner, and made reasonable professional decisions regarding defensive strategy." Moreover, the State asserts that the Petitioner has put forth no evidence that he would not have pled guilty had the circumstances been different.

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. Vaughn, 202 S.W.3d at 116 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975)). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697).

A petitioner successfully demonstrates deficient performance when the clear and convincing evidence proves that his attorney's conduct fell "below an objective standard of reasonableness under prevailing professional norms." Id. at 369 (citing Strickland, 466 U.S. at 688; Baxter, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. at 370 (quoting Strickland, 466 U.S. at 694). In order to satisfy the "prejudice" requirement in the context of a guilty plea, "the petitioner must show that, but for counsel's errors, he would not have entered into the sentencing agreement." Serrano v. State, 133 S.W.3d 599, 605 (Tenn. 2004) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Here, the transcript from the Petitioner's guilty plea hearing demonstrates that the Petitioner was satisfied with trial counsel's performance and shows that the trial court advised the Petitioner of his rights, the charges against him, and the consequences of entering a guilty plea. Moreover, the evidence at the post-conviction hearing establishes that the Petitioner entered his guilty plea because he was in fact guilty of the charged offenses, as evidenced by the DNA results proving that the Petitioner was the father of the twelve-year-old victim's daughter, and because he was facing a substantially harsher sentence if convicted at trial. Tennessee Code Annotated section 39-13-504(a)(4) provides that aggravated sexual battery is the "unlawful sexual contact with a victim" by the Petitioner when "[t]he victim is less than thirteen (13) years of age." Regardless of the victim's testimony, the State asserts and the Petitioner does not dispute that he would have satisfied the statutory elements of aggravated sexual battery.

Furthermore, this court has concluded that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The presentation of the witness at the post-conviction hearing is typically the only way for the petitioner to establish:

> (a) a material witness existed and the witness could have been discovered but for counsel's neglect in his investigation of the case, (b) a known witness was not interviewed, (c) the failure to discover or interview a witness inured to his prejudice, or (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner.

Id. Neither the post-conviction court nor this court may speculate on "what a witness's testimony might have been if introduced by defense counsel." Id. Although the

Petitioner claims that the victim's testimony would have established that the sexual encounters were consensual, he failed to present the victim to testify at the post-conviction hearing or prove how her testimony would have altered her age at the time of the instant crimes.  Furthermore, although the Petitioner claims that he was incompetent to stand trial and enter a guilty plea, he failed to present any expert witnesses at the post-conviction hearing.  Accordingly, we agree with the post-conviction court that the Petitioner failed to establish that trial counsel's performance was ineffective or that the plea he entered was unknowing, involuntary, or unintelligent.  He is not entitled to relief.

## CONCLUSION

Based on the foregoing reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE